UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Benjamin L. Larson,                          Case No. 18-cv-3190 (WMW/LIB)

                        Plaintiff,
                                             **ORDER ON MOTIONS TO DISMISS**
        v.

SoundSkins Global, Compustar Australia
Pty Ltd, and Mobile Marine & Car Audio
LLC, d/b/a Lakes Audio,

                        Defendants.

        Two motions are before the Court.  Defendant Compustar Australia Pty Ltd

(Compustar) moves to dismiss on alternate grounds:  for insufficient service, Fed. R. Civ.

P. 12(b)(5), or for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2).  (Dkt. 16.)

Defendant Mobile Marine & Car Audio LLC d/b/a Lakes Audio (Lakes Audio) moves to

dismiss for failure to state a claim on which relief can be granted, Fed. R. Civ. P. 12(b)(6).

(Dkt. 26.)  Compustar also seeks attorney fees and costs.  *See* 35 U.S.C. § 285.  For the

reasons addressed below, the Court grants Compustar's motion to dismiss, denies Lakes

Audio's motion to dismiss, and denies Compustar's request for attorney fees and costs.

## BACKGROUND

        Plaintiff Benjamin L. Larson is the inventor and owner of United States Patent

8,739,921 (the '921 patent), for a "sealing, absorbing and decoupling ring kit" used in

vehicle speaker systems.  Larson's complaint alleges that three entities—Compustar, Lakes

Audio, and Defendant SoundSkins Global—are directly infringing the '921 patent by

selling, offering for sale, distributing, and advertising an infringing product in the United States.

Compustar is an Australian company. Shortly after filing this lawsuit in November 2018, Larson's counsel, Andrew M. Grove, sent a letter to four individuals involved in this lawsuit, including Ruth Khalsa, Compustar's United States-based trademark attorney. The letter attached the complaint and invited the parties to work towards settlement. An email exchange between Khalsa and Grove followed. As the parties worked towards settling the matter, Khalsa advised Grove that she was not authorized to accept service of process on behalf of Compustar. Larson subsequently attempted to personally serve Khalsa on January 17, 2019.

As communication between the parties deteriorated, Minnesota-based attorney Alan M. Anderson became involved on behalf of Compustar. On January 28, 2019, Anderson sent Larson's counsel a letter that, among other things, repeated that Khalsa was not authorized to accept service on behalf of Compustar. The next day, Larson attempted to personally serve Anderson. Anderson refused to accept service, stating that he was not authorized to do so. The process server eventually handed the summons and complaint to Anderson, via his secretary, and Anderson tore them up.

Lakes Audio is a retailer located in Baxter, Minnesota, that sells vehicle speaker systems. Larson alleges that Lakes Audio infringed on the '921 patent by selling the infringing product.

**ANALYSIS**

**I.      Compustar's Motion to Dismiss**

Compustar moves to dismiss for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).[1]  Proper service of process is a prerequisite for a federal court's exercise of jurisdiction over a defendant.  *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).  On a motion to dismiss for insufficient service of process, the plaintiff must establish by prima facie evidence that service was proper.  *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).  As the Court must necessarily consider materials outside the pleadings to determine whether the plaintiff satisfies this burden, doing so does not convert the motion to one for summary judgment.  *See Devin v. Schwan's Home Servs., Inc.*, No. 04-cv-4555, 2005 WL 1323919, at *2 (D. Minn. May 20, 2005) (citing 5B Charles Alan Wright et al., Federal Practice and Procedure § 1353 (3d ed. 2004)).

Compustar argues that Larson failed to comply with the service requirements of Rule 4, Fed. R. Civ. P., because Compustar did not authorize its United States-based attorneys to accept service of process on its behalf.  When service is attempted within a judicial district of the United States, a corporation, partnership, or association, whether foreign or domestic, must be served in the manner for serving an individual that is described in Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to . . . [an]

---

[1]      Compustar also moves to dismiss for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).

agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).[2]

An attorney may be an agent authorized by appointment to accept service of process on behalf of a client. *See* 4A Charles Alan Wright et al., Federal Practice and Procedure § 1097 (3d ed. 2004) (hereinafter, "Wright & Miller") (analyzing appointment under Rule 4(e)(2)(C), Fed. R. Civ. P.); *Thelen v. City of Elba*, No. 08-cv-1150, 2009 WL 212940, at *4 (D. Minn. Jan. 28, 2009) (same); *see also* Wright & Miller § 1101 (identifying similarities between Rules 4(h)(1)(B) and 4(e)(2)(C), Fed. R. Civ. P.). However, the authority to accept service of process on behalf of a client must exist either by an express grant of such authority or be implied from the established relationship between the defendant and the attorney. *Semler v. Klang*, 603 F. Supp. 2d 1211, 1226 (D. Minn. 2009) (quoting Wright & Miller § 1097). In either circumstance, a factual basis must exist to conclude that a defendant has either expressly or impliedly authorized its attorney to accept service of process. *See id.* (finding no basis to conclude that an attorney was impliedly authorized to accept service of process on behalf of a client). Such authorization will not be inferred simply because an attorney is acting in a representative capacity on a defendant's behalf. *See id.*; *see also* Wright & Miller § 1097.

Larson argues that, because counsel for Compustar attempted to negotiate a settlement, Compustar impliedly authorized its attorneys to accept service of process. The

---

[2]     It is undisputed that Larson did not attempt to comply with Rule 4(f), which provides for service of process on a foreign corporation not within a judicial district of the United States. *See* Fed. R. Civ. P. 4(h)(2) (incorporating Fed. R. Civ. P. 4(f) by reference).

record shows that Compustar's attorneys acted in a representative capacity on Compustar's behalf by communicating with Larson and attempting to resolve the dispute to avoid litigation. But the record must supply a factual basis to conclude that the attorneys were expressly or impliedly authorized by Compustar to accept service of process in this matter. Here, the record falls short. Both attorneys repeatedly told Larson's counsel that they were *not* authorized to accept service on Compustar's behalf. *See Semler*, 603 F. Supp. 2d at 1226-27 (finding no basis to conclude that an attorney was impliedly authorized to accept service of process, particularly because the attorney "specifically attest[ed] that he is not authorized to accept service of process on behalf of" the defendant). And in his sworn affidavit, Compustar's president and sole shareholder Colin Gardener states that Compustar never authorized either attorney or any other United States person to accept service of process on Compustar's behalf.

Larson argues that his attempts at service must have been proper because Compustar "obvious[ly] . . . knows about the case against it." But this argument also misses the mark. Without more, actual notice of a lawsuit is not sufficient to establish proper service of process. *See Printed Media*, 11 F.3d at 843; *see also Semler*, 603 F. Supp. 2d at 1227.

Because Larson fails to provide prima facie evidence that Larson effected proper service on Compustar either by attempting to serve its attorneys or by any other means,[3]

---

[3]     Larson suggests that he served Compustar by emailing the Summons and Complaint to info@soundskinsglobal.com, and by sending "notice through the website portal in the Soundskinsglobal website." But Larson provides no legal support for the conclusion that service in this manner is proper. Nor is the Court aware of any.

the Court grants Compustar's motion to dismiss for insufficient service. *See* Fed. R. Civ. P. 12(b)(5).[4] Larson's complaint as to Compustar is dismissed without prejudice.

## A. Lakes Audio's Motion to Dismiss

Larson's complaint alleges direct infringement against Lakes Audio on the '921 patent pursuant to 35 U.S.C. § 271(a). Patent infringement occurs when a person or entity "without authority makes, uses, offers to sell, or sells any patented invention" in the United States or imports a patented invention into the United States. 35 U.S.C. § 271(a). Larson alleges that Lakes Audio infringed the '921 patent by selling the allegedly infringing product. Lakes Audio moves to dismiss Larson's complaint as to Lakes Audio, asserting that Larson's complaint alleges only vague and conclusory allegations that are insufficient to state a claim for patent infringement. Fed. R. Civ. P. 12(b)(6).

A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether the complaint states such a claim, a district court accepts as true all of the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

---

[4] Because Compustar's motion to dismiss for insufficient service of process is dispositive, the Court does not address Compustar's arguments under Rule 12(b)(2).

A complaint alleging direct infringement "must place the potential infringer on notice of what activity is being accused of infringement," but a plaintiff is not required to "plead facts *establishing* that each element of an asserted claim is met." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks omitted) (alterations omitted) (emphasis added). When "simple" technology is at issue, a complaint survives a motion to dismiss for failure to state a claim when it sufficiently identifies the accused infringing product and *alleges* that the accused product meets every element of at least one of the patent's claims. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (reversing a grant of dismissal when a complaint sufficiently identified the accused product and alleged infringement on at least one claim); *cf. Artrip v. Ball Corp.*, 735 Fed. App'x 708, 715 (Fed. Cir. 2018) (affirming dismissal where the complaint did "not sufficiently identify, for example, by photograph or name, any of the particular machines that allegedly infringe other than by broad functional language").

Larson's complaint is not detailed. But the complaint identifies the accused infringing product by name and includes a photograph of the accused product and its packaging. The complaint also identifies a representative claim, alleges that the accused products are "made according to the same steps recited in the claim," and alleges that the "sale of this kit infringes at least some of the other claims in the '921 patent, including at least claims 1, 4, 6, 18 and 20." In addition, a copy of the patent is attached to the complaint. Because these allegations are sufficient to place an infringer on notice of the alleged infringement, *see Nalco*, 883 F.3d at 1350, the Court denies Lakes Audio's motion to dismiss for failure to state a claim.

### B.    Attorney Fees and Costs

Compustar requests attorney fees and costs pursuant to 35 U.S.C. § 285.[5]  Section 285 provides for an award of reasonable attorney fees to the prevailing party in "exceptional" patent cases.  *Id.*  A defendant in a patent case need not obtain judgment on the merits to be a "prevailing party" under Section 285.  *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1304-05 (Fed. Cir. 2018).[6]  "An exceptional case is simply one that stands out" due to the "substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (internal quotation marks omitted).  A district court determines whether a case is "exceptional" on a case-by-case basis, *id.*, considering the totality of the circumstances, including factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," *id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  It is the burden of the party seeking fees to establish by a preponderance of the evidence that the case is

---

[5]    In its reply memorandum, Lakes Audio also seeks attorney fees and costs pursuant to 35 U.S.C. § 285.  The Court ordinarily does not consider substantive matters that are raised for the first time in a reply memorandum.  *See* LR 7.1(c)(3)(B).  In addition, Lakes Audio's motion to dismiss is denied.  (*See* Section II.B., *supra*.)  For these reasons, the Court declines to consider the merits of Lakes Audio's request for fees and costs.

[6]    "Federal Circuit law governs the substantive interpretation of 35 U.S.C. § 285, which is unique to patent law."  *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006) (internal quotation marks omitted).

exceptional. *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 889 F.3d 1291, 1306 (Fed. Cir. 2018).

This case is exceptional, Compustar argues, because Larson "failed to conduct a reasonable pre-suit investigation" and "continu[ed] to claim that service was proper on Compustar and that Compustar was a proper defendant in the face of multiple statements to the contrary." Each of the cases that Compustar cites in support of its argument involved extensive litigation; and, in each case, there was a detailed record establishing that the opposing party had engaged in dilatory tactics, lacked substantial support for the substantive issues in litigation, or failed to properly investigate its claims. *See, e.g.*, *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1305-09 (Fed. Cir. 2017) (affirming an award of fees following summary judgment and a two-day hearing on the issue of fees); *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (affirming that a "baseless" lawsuit was an exceptional case "based on extensive record evidence."); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.*, No. 14-cv-4857, 2017 WL 1193992, at *5 (D. Minn. Mar. 30, 2017) (awarding Section 285 fees following discovery in a case involving extensive, detailed factual allegations).

Here, the record is limited at this early stage in the proceedings. Arguably, Larson's attempts to serve Compustar were not made in good faith. But the record does not establish that Larson's pre-suit investigation was unreasonable or exceptionally inadequate. Because, at this juncture, the factual basis is insufficient for the Court to conclude that the nature of Larson's conduct in this case is exceptional—either because of the substantive character of

the case or because of Larson's unreasonable actions—the Court declines to grant this aspect of Compustar's motion.

## I.     ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      The motion to dismiss of Defendant Compustar Australia Pty Ltd., (Dkt. 16), is **GRANTED**;

2.      Plaintiff Benjamin L. Larson's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** as against Defendant Compustar Australia Pty Ltd.;

3.      The motion to dismiss of Defendant Mobile Marine & Car Audio LLC d/b/a Lakes Audio, (Dkt. 26), is **DENIED**; and

4.      The request of Defendant Compustar Australia Pty Ltd. for attorney fees and costs is **DENIED**.


Dated:  August 15, 2019                              s/Wilhelmina M. Wright____
                                                    Wilhelmina M. Wright
                                                    United States District Judge